RAYMOND XAVIER AKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aki v. Commissioner
Docket No. 18835-93
United States Tax Court
T.C. Memo 1995-157; 1995 Tax Ct. Memo LEXIS 151; 69 T.C.M. (CCH) 2355; April 6, 1995, Filed *151 Decision will be entered for respondent. Raymond Xavier Aki, pro se. For respondent: Carol K. Muranaka. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 38,706, an addition to tax pursuant to section 6651(a)(1) in the amount of $ 5,806, and an accuracy-related penalty pursuant to section 6662(a) in the amount of $ 7,741. The issues for decision are: (1) Whether petitioner is entitled to a claimed deduction for a business bad debt in the amount of $ 175,559; (2) whether petitioner failed to report interest income in the amount of $ 21,496; and (3) whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1), and the accuracy-related penalty pursuant to section 6662(a). Section references are to the Internal Revenue Code in effect for the year under consideration, and Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Koloa, Hawaii, *152 at the time he filed his petition. His principal occupation at all relevant times was that of a real estate appraiser. Petitioner filed his 1990 Federal income tax return on June 18, 1991. He did not request an extension of time for filing the return. During 1990, petitioner was president and sole shareholder of Transpacific Enterprises, Inc. (Transpacific Enterprises), a corporation formed in 1960 to engage in real estate investments. On June 29, 1990, Transpacific Enterprises filed for protection under chapter 11 of the Bankruptcy Code. Its only assets were two adjacent parcels of land on the Island of Kauai (consisting of approximately 2.9 acres) that were encumbered by a $ 365,000 mortgage held by Metropolitan Mortgage & Securities Co. The parcels of land were valued on a bankruptcy schedule at $ 1.2 million. Shortly after the bankruptcy proceedings were commenced, the parcels were sold for $ 760,000; from this amount, the bankrupt estate received $ 682,000. From the $ 682,000 received by the bankrupt estate, $ 384,000 was paid to Metropolitan Mortgage & Securities Co. and its attorneys. Petitioner received $ 34,408 in connection with the sale of the land. In addition, *153 he received $ 113,221 in connection with a debt owed him by Transpacific Enterprises. Both of these amounts, totaling $ 147,629, were paid to petitioner in 1990. Transpacific Enterprises' bankruptcy case was dismissed on September 26, 1991. As a result of the sale of land, Transpacific Enterprises realized a $ 674,458 gain ($ 760,000 less a $ 85,542 basis). This gain was reported on Transpacific Enterprises' 1990 Federal corporate tax return, which was signed by petitioner as president of the corporation. The $ 147,629 paid to petitioner by Transpacific Enterprises was reported on its 1990 corporate income tax return as an interest expense. Petitioner was advised by both the attorney and accountant who were appointed to represent Transpacific Enterprises in bankruptcy that as a result of the corporation's reporting the $ 147,629 payments to petitioner as an interest deduction, he would have to report a like amount as interest income in 1990. However, petitioner reported only $ 126,133 of such income on his 1990 individual tax return. Petitioner arrived at this figure by applying a 12-percent annual interest rate to the balance due him. On Schedule C of his 1990 tax return, *154 petitioner claimed a business bad debt loss of $ 175,559. Petitioner claims this amount represents losses from loans he made to Transpacific Enterprises that were never repaid. He further claims Transpacific Enterprises did not realize a gain from the sale of land, and thus the reporting of such on its 1990 corporate tax return was erroneous. Petitioner contends that the $ 1.2 million value of the land set forth in the bankruptcy schedule should have been used as the corporation's basis in the land (instead of the 1960 acquisition cost of the land), with the consequence that the sale of the land in 1990 resulted in a loss of $ 440,000, rather than a gain of $ 674,458. In the notice of deficiency, respondent disallowed petitioner's claimed Schedule C business bad debt loss of $ 175,559; however, respondent allowed petitioner a $ 175,559 nonbusiness bad debt loss, deductible as a short-term capital loss subject to the annual $ 3,000 capital loss limitation. Further, respondent determined that petitioner underreported his interest income by $ 21,496, and that petitioner was subject to the addition to tax for failure to file on time and the accuracy-related penalty. OPINION *155 Issue 1. Bad Debt Business Deduction
The first issue concerns the characterization of petitioner's loans to Transpacific Enterprises as business or nonbusiness loans. Petitioner claims that his loans to Transpacific Enterprises should be characterized as business loans, and that his loss with respect to said loans should be classified as a loss from a business bad debt. Respondent, on the other hand, claims petitioner's loans should be characterized as nonbusiness loans, with the consequence that petitioner's loss with respect to said loans be classified as a loss from a nonbusiness bad debt. The reason for the difference in characterization is that losses from nonbusiness bad debts are subject to certain limitations imposed by section 166(d)(1), whereas losses from business bad debts are not. Section 166(a) permits a deduction for any debt that becomes worthless within the taxable year. Section 166(d)(1) restricts the deduction for losses from nonbusiness debts of a taxpayer other than a corporation by characterizing them as short-term capital losses. Section 1211(b) restricts the deduction for capital losses of a taxpayer other than a corporation to the extent of capital *156 gains plus (if such losses exceed such gains) the lesser of $ 3,000 or the excess of such losses over such gains. Section 1212(b) permits a taxpayer other than a corporation to carryover any capital loss in excess of this amount to the succeeding taxable year. A nonbusiness debt is "a debt other than -- (A) a debt created or acquired * * * in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." Sec. 166(d)(2). The question of whether a debt is a business debt or a nonbusiness debt is a question of fact in each particular case. Sec. 1.166-5(b), Income Tax Regs. A debt must be proximately related to the taxpayer's conduct of a trade or business in order to constitute a business debt. Id.; United States v. Generes, 405 U.S. 93 (1972). Whether the taxpayer is engaged in a trade or business is a question of fact. Dorminey v. Commissioner, 26 T.C. 940, 945 (1956). Whether a debt bears a proximate relation to that trade or business is determined based on the dominant motivation of the taxpayer in incurring the *157 debt. United States v. Generes, supra at 103. A significant motivation is not sufficient. Id.
In the present case, petitioner argues that the debt was incurred in his trade or business. The facts are to the contrary. Petitioner was in the trade or business of appraising real estate, not the trade or business of making business loans. See Weigman v. Commissioner, 47 T.C. 596, 606 (1967), affd. per curiam 400 F.2d 584 (9th cir. 1968). Petitioner did not lend the funds to Transpacific Enterprises in carrying on his trade or business as a real estate appraiser but, rather, in his capacity as an investor in Transpacific Enterprises. Thus, any loans petitioner made were not proximately related to his trade or business. Accordingly, we sustain respondent's determination on this issue. Issue 2. Additional Interest Income
During 1990, Transpacific Enterprises paid petitioner $ 147,629. Petitioner argues that the total interest due him as of December 31, 1990, was only $ 126,133, and that, therefore, he is only required to include $ 126,133 in his interest income. The remaining $ *158 21,496, according to petitioner, must be classified as a return of principal. We disagree. Petitioner was president and sole shareholder of Transpacific Enterprises. Transpacific Enterprises paid petitioner $ 147,629 during 1990. The classification of the payment as an interest payment on its corporate income tax return, which petitioner signed as president, enabled Transpacific Enterprises to claim a deduction for the payment. Had the payment been classified as a return of principal, Transpacific Enterprises could not have claimed a deduction for it, and thus would have paid a greater amount of corporate income tax. In that event, there would have been less to distribute to petitioner as a creditor of Transpacific Enterprises. Petitioner has failed to carry his burden of overcoming respondent's determination that the amount in question is includable in his gross income as interest. Petitioner argues that the $ 1.2 million value of the land set forth in the bankruptcy schedule should have been used as Transpacific Enterprises' basis in the land (instead of the 1960 acquisition cost of the land), with the consequence that the sale of the land in 1990 resulted in a loss of $ *159 440,000, rather than a gain of $ 674,458. We disagree. The value placed on the land in the bankruptcy proceeding (which is merely an estimate of its market value) is not relevant to Transpacific Enterprises' basis in the land. Pursuant to section 1012, the basis of property is generally its cost. In any event, petitioner's argument is misguided because the present case involves petitioner's tax return, not that of Transpacific Enterprises. Respondent's determination of the amount includable in petitioner's gross income is sustained. Issue 3. Addition to Tax and Accuracy-Related Penalty
Petitioner failed to present any evidence to disprove the correctness of respondent's determination concerning the addition to tax and accuracy-related penalty. Thus, petitioner failed to meet his burden of proof. Rule 142(a). Consequently, we sustain respondent's determination that petitioner is liable for the addition to tax for failure to file on time pursuant to section 6651(a)(1) and for the accuracy-related penalty pursuant to section 6662(a). To reflect the foregoing, Decision will be entered for respondent.